UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIANE DURR,

    Plaintiff,

v.                                                     Case No:  6:16-cv-225-Orl-40GJK

CITY OF DELTONA,

    Defendant.

## ORDER

This cause comes before the Court on Defendant, City of Deltona's, Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law (Doc. 13), filed March 16, 2016. On November 10, 2016, Plaintiff responded in opposition. (Doc. 25). Upon consideration, Defendant's motion to dismiss will be granted.

**I.**    **BACKGROUND**[1]

Plaintiff, Diane Durr ("Durr"), proceeding *pro se*, initiated this lawsuit against her former employer, Defendant, City of Deltona (the "City"). According to what the Court can discern from Durr's Complaint, the City hired Durr as a Community Development Specialist in September 2009. (Doc. 1, ¶ 1). Durr came to the City with eleven years of housing and community development experience, and began providing oversight to the Housing and Community Development Unit. (*Id.* ¶ 4).

In May 2010, the Director of Planning and Development Services, Chris Bowley ("Bowley") hired Ron Paradise ("Paradise"), a Caucasian male, to oversee the Housing

---

[1] These facts are taken from the Complaint, the allegations of which the Court must accept as true when considering a motion to dismiss. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992).

1

and Community Development Unit. (*Id.*). Durr alleges that Paradise "had no skills, training, or expertise in community development and housing" and constantly relied on Durr's knowledge, expertise, direction, and guidance. (*Id.*).

Around the time Bowley hired Paradise, Bowley also placed Durr on a six-month "Observation and Monitoring" plan to assess her skills prior to promoting her to a supervisory position. (*Id.* ¶ 5). After completing the Observation and Monitoring plan, Durr was notified that her position would be reclassified to Community Development Supervisor. (*Id.* ¶ 6). Durr was also informed that her new position would require a six-month probation period, but would not include additional pay. (*Id.*). Durr alleges that this reclassification of her position violated the City's Personnel Policy (the "Policy"), which states that the movement of an employee to a vacant positon was considered a "promotion," not a "reclassification." (*Id.* ¶ 7). Durr further alleges that the Policy contained no provision requiring an additional probationary period. (*Id.*). On numerous occasions, Durr asked Bowley and the City's Human Resources Director, Tom Acquaro ("Acquaro"), why these conditions were not imposed on employees outside Durr's "special class." (*Id.* ¶¶ 7, 8). However, Durr received no answers. (*Id.*).

In April 2011, Durr sent Bowley a memo purporting to memorialize a conversation regarding potential legal issues that the City could encounter if they continued to demonstrate a bias in hiring, promoting, and benefits offered to African Americans. (*Id.* ¶ 9). As an example, Durr referenced Bowley's decision to pay Mari Leisen ("Leisen"), a Caucasian female, the same or more than Durr despite her lack of government, grant, or housing experience. (*Id.* ¶ 10).

In October 2013, Durr spoke to Bowley and Acquaro regarding a promotion to Community Development Manager. (*Id.* ¶ 11). Despite receiving high ratings on her prior performance reviews, Durr was provided a list of benchmarks to achieve before she could become a manager. (*Id.*). Bowley and Acquaro also informed Durr that if she were promoted, she would not receive an increase in her salary until after January 2014 because of budgetary concerns. (*Id.* ¶ 12). Due to the City's alleged "discriminatory practices" and the "continual and perpetual pre-performance probationary requirements" it imposed on her, Durr "was forced to pursue employment elsewhere." (*Id.* ¶¶ 15–18).

On April 23, 2014, Durr filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC"). (Doc. 1-1). After more than 180 days lapsed, Durr received a letter from the EEOC on November 14, 2015, which notified her of her right to institute a lawsuit to vindicate her civil rights. (Doc. 1-2). On February 10, 2016, Durr filed the instant suit against the City, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17, the Florida Civil Rights Act ("FCRA"), Fla. Stat., §§ 760.01–.11, and 42 U.S.C. § 1983. The City now moves to dismiss Durr's Complaint in its entirety for failing to state a claim for relief.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure set forth minimum requirements concerning the form of a Complaint. Rule 8 requires that a complaint consist of simple, concise and direct allegations, and a short and plain statement of the claims:

> **(a)** **Claim for Relief.** A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;

3

>    (2)   a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
>    (3)   a demand for the relief sought, which may include relief in the alternative or different types of relief.
>
>    * * *
>
>    **(d)   Pleading to Be Concise and Direct . . . .**
>
>    **(1)   In general.** Each allegation must be simple, concise and direct.

Fed. R. Civ. P. 8. Additionally, under Rule 10, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b).

When a complaint does not comply with the pleading requirements or otherwise "fails to state a claim to relief that is plausible on its face," the defendant may seek dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 672, 678–79 (2009). When considering a Rule 12(b)(6) motion, the district court must accept all well-pleaded factual allegations—but not legal conclusions—in the complaint as true. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007); *Iqbal*, 556 U.S. at 672. After disregarding allegations that "are not entitled to the assumption of truth," the court must determine whether the complaint includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.

The Court recognizes that Durr is proceeding in this matter *pro se*. In reviewing the Complaint, the Court accordingly applies the "liberal construction to which *pro se*

4

pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). This means that the Court must afford Durr greater leeway in alleging a claim than what is given to licensed attorneys. *See Tennyson v. ASCAP*, 477 F. App'x 608, 609–10 (11th Cir. 2012) (per curiam). Nevertheless, "a *pro se* party must 'follow the rules of procedure . . . , and the district court has no duty to act as [a *pro se* party's] lawyer.'" *Id.* at 610 (quoting *United States v. Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011)). Further, a district court may not "rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009).

### III. DISCUSSION

The City moves to dismiss the Complaint for the following six reasons: (1) the Complaint fails to comply with the pleading requirements of Rules 8 and 10; (2) Durr failed to exhaust her administrative remedies under Title VII with respect to any allegations of discrimination which occurred prior to June 27, 2013; (3) Durr failed to exhaust her administrative remedies under the FCRA with respect to any allegations of discrimination which occurred prior to April 23, 2013; (4) Durr's § 1983 claims which accrued prior to April 10, 2012 are barred by the applicable four-year statute of limitations; (5) the Complaint fails to state a claim under Title VII, the FCRA, or § 1983; and (6) Durr's claim for punitive damages must be dismissed because punitive damages are not available against a municipal defendant like the City

The Court begins by agreeing with the City's first argument that Durr's Complaint does not comply with the minimum pleading requirements. While the Complaint is comprised of separately numbered paragraphs, it does not identify any claims that Durr

intends to assert against the City. Instead, the Complaint presents a confusing account of certain events surrounding Durr's employment and her eventual resignation, and then proceeds immediately to Durr's requested relief. Further, Durr's response provides no additional insight into what claims she intends to assert against the City.

"Although the Court is required to liberally construe a *pro se* complaint, neither the Court nor the [City is] required to comb through an incomprehensible pleading in order to cobble together a claim on Plaintiff's behalf." *Gold v. Geo Grp. Inc.*, No. 2:16-cv-73-FTM-29MRM, 2016 WL 7034404, at *4 (M.D. Fla. Dec. 2, 2016). Rather, Durr is required to give the City fair notice of what her claims are and the grounds upon which they rest. *See Harris v. Procter & Gamble Cellulose Co.*, 73 F.3d 321, 324 (11th Cir. 1996). Durr has failed to do so in this case, and this defect alone warrants dismissal.

Assuming Durr intended to assert claims for race and gender discrimination[2] pursuant to Title VII, the FCRA, and Section 1983, the Complaint is still due to be dismissed. Title VII makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).[3] A complaint alleging race or gender discrimination under Title VII and the FCRA must

---

[2] In the Charge of Discrimination form, Durr indicates that the City discriminated against her based on her "sex" and "race." (*See* Doc. 1-1).

[3] Employment discrimination claims brought under Title VII, the FCRA, and § 1981/§ 1983 are subject to the same standards of proof and employ the same analytical framework. *Bryant v. Jones*, 575 F.3d 1281, 1296 (11th Cir. 2009) (Title VII and § 1981 claims employ identical analyses); *Albra v. Advan, Inc.*, 490 F.3d 826, 834 (11th Cir. 2007) (per curiam) (FCRA claims are construed in accordance with Title VII).

provide enough factual matter to suggest intentional discrimination. *See Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010); *Davis v. Coca–Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008).

Durr fails to allege facts necessary to state a claim for discrimination under Title VII or the FCRA. First, while Durr asserts that she belongs to a "special class," she does not specify the class to which she is referring. Second, it is unclear from the Complaint what adverse employment action Durr is claiming she suffered. Finally, the Complaint is devoid of any facts demonstrating that the City gave preferential treatment to *similarly-situated* employees outside of Durr's protected class. For these reasons, the Complaint fails to state a claim for race or gender discrimination under Title VII or the FCRA.

Similarly, Durr fails to state discrimination claims against the City pursuant to Section 1983. A plaintiff seeking "to impose § 1983 liability on a municipality cannot rely on the doctrine of *respondeat superior. See Monell v. Dep't of Soc. Servs. of NY*, 436 U.S. 658, 691 (1978). Instead, the plaintiff must sufficiently allege: (1) that her constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

Presumably, Durr is relying on the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution to the extent she is asserting a claim for discrimination based on her race or gender.[4] Durr's claim against the City fails for two reasons. First, as discussed above, the Complaint contains insufficient facts to support a

---

[4] When considering claims brought under the Equal Protection Clause, courts apply the same standards of proof and analytical framework utilized for claims brought under Title VII. *Bryant v. Jones*, 575 F.3d 1281, 1296 n.20 (11th Cir. 2009).

claim for race or gender discrimination. Second, the Complaint contains no content from which the Court could infer that the City had a custom or policy for condoning discrimination based upon an employee's race or gender. Thus, the Complaint fails to state a Section 1983 claim against the City for race or gender discrimination.

In conclusion, Durr's Complaint is due to be dismissed with leave to amend. If Durr chooses to file an Amended Complaint, she must state the facts of her case in separate numbered paragraphs. Durr must also state each of her claims as individual counts. For example, Count I: Race Discrimination, Count II: Sex Discrimination, and so on.[5] Durr should provide sufficient facts to support each claim and should avoid making conclusory or vague allegations in support of her claims. Finally, Durr should identify the relief she seeks for each claim. In writing her Amended Complaint, the Court encourages Durr to review the "Proceeding Without a Lawyer" section of this Court's website at http://www.flmd.uscourts.gov. The website includes tips, frequently asked questions, sample forms, and a "Guide for Proceeding Without a Lawyer."

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant, City of Deltona's, Motion to Dismiss Plaintiff's Complaint (Doc. 13) is **GRANTED**.

2. Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff has until and including **February 17, 2017** to file an Amended Complaint which fixes the deficiencies identified in this Order. **Plaintiff is**

---

[5] The Court provides this example for illustrative purposes only. The Court is not suggesting that Durr should allege these particular claims or that these claims have merit.

9

**cautioned that her failure to file an Amended Complaint by this date will result in the dismissal of this lawsuit without further notice.**

**DONE AND ORDERED** in Orlando, Florida on January 30, 2017.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record
Unrepresented Parties